**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREIVER ALFREDO MUNOZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, OTAY MESA DETENTION CENTER,<br><br>Respondent. | Case No.:  3:26-cv-01601-RBM-VET<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**<br><br>**[Doc. 1]** |

On March 13, 2026, Petitioner Andreiver Alfredo Munoz ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.) For the reasons set forth below, the Petition is **DISMISSED WITHOUT PREJUDICE**.

## I.   DISCUSSION

The Court must first screen habeas corpus petitions to determine whether they are subject to summary dismissal.  *See* Rules Governing Section 2254 Cases in the United States District Courts R. 4 (2019) [hereinafter "Habeas Rules"]; *see Lainez Flores v. Warden*, Case No.: 26-cv-168-JES-VET, 2026 WL 213516, at *1 (S.D. Cal. Jan. 27, 2026) ("A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to those brought under 28 U.S.C. § 2254.").  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached

1

exhibits that the petitioner is not entitled to relief in the district court," Habeas Rule 4, or "where the allegations in the petition are vague or conclusory." *Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) (citation omitted).

To survive screening , the petitioner need only make out a claim that is sufficiently "cognizable" to warrant a return or answer from the government. *See Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). A petition from a litigant representing himself is held to "less stringent standards" than a petition drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But *pro se* litigants still "must follow the same rules of procedure that govern other litigants," such as satisfying the habeas screening requirements. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). The dismissal does not bar the petitioner from seeking habeas relief in the future. *Sanders v. United States*, 373 U.S. 1, 8 (1963) ("The inapplicability of res judicata to habeas . . . is inherent in the very role and function of the writ.").

In this case, Petitioner was detained on December 30, 2025, and seeks his "immediate release from [U.S. Immigration and Customs Enforcement's] custody while his immigration proceedings continue." (Doc. 1 at 1.) However, Petitioner does not present a claim that would entitle him habeas relief such as violation of a statute, the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, or the Administrative Procedure Act.

Petitioner also fails to allege any facts that support grounds for relief. Petitioner claims that he "remains in custody despite having no federal charges filed against him." (Doc. 1 at 1.) He also claims he "is currently in the process of resolving his immigration matters," has "[s]trong family ties in the United States," and is not a "danger to the community [or at] risk of flight." (Doc. 1-2 at 1.) From these minimal facts, the Court cannot determine whether Respondents plausibly engaged in unlawful conduct. Petitioner provides no facts regarding his immigration status. For example, Petitioner does not state how long he has resided in the country, when and where he entered the United States, the

nature of his "immigration matters," whether he has received a bond hearing, whether he was previously detained by Respondents and released on parole, or whether he is subject to mandatory detention by Respondents.  Without this information, the Court cannot determine whether Petitioner is entitled to habeas relief.  As the Petition fails to meet the screening requirements for a habeas petition, summary dismissal is required.[1]

## II.    CONCLUSION

For the reasons above, the Petition (Doc. 1) is **DISMISSED without prejudice**. Petitioner **MAY FILE** an amended petition addressing the issues identified above **on or before April 20, 2026**.  The amended petition must be complete in itself and may not reference or incorporate any other prior filings.

Failure to file an amended petition **on or before April 20, 2026**, may result in dismissal of this action.

**IT IS SO ORDERED**.

DATE:  March 17, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1]  Petitioner may be interested in contacting Federal Defenders of San Diego, Inc. to see if a Federal Defender can represent Petitioner in this matter.

3

3:26-cv-01601-RBM-VET