**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREIVER ALFREDO MUNOZ, | Case No.: 3:26-cv-01601-RBM-VET |
| Petitioner, | |
| v. | **ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |
| WARDEN, OTAY MESA DETENTION CENTER, | |
| Respondent. | **[Doc. 3]** |

Petitioner Andreiver Alfredo Munoz ("Petitioner"), proceeding *pro se*, commenced this action on March 13, 2026, by filing a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) On March 17, 2026, the Court dismissed the Petition on screening based on a finding that Petitioner failed to present a claim or any supporting facts that would entitle him habeas relief. (Doc. 2 at 2–3.) Petitioner timely filed an Amended Petition on April 20, 2026. (Doc. 3.) For the reasons set forth below, the Amended Petition (Doc. 3) is **DISMISSED WITHOUT PREJUDICE**.

## I. DISCUSSION

"Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false." *Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) (citing *Hendricks v. Vasquez*, 908 F.2d 490,

1

491 (9th Cir. 1990)).  To survive screening , the petitioner need only make out a claim that is sufficiently "cognizable" to warrant a return or answer from the government.  *See Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up).  A petition from a litigant representing himself is held to "less stringent standards" than a petition drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But *pro se* litigants still "must follow the same rules of procedure that govern other litigants," such as satisfying the habeas screening requirements.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).

Here, Petitioner claims his detention since December 30, 2025, has become unconstitutionally prolonged and "violates due process under *Zadvydas v. Davis*, *Jennings v. Rodriguez*, and *Singh v. Holder*."  (Doc. 3 at 2.)  Petitioner states that he "was arrested due to a minor traffic warrant for an uninsured motorist citation from 2024" and seeks his "[i]mmediate release or [a] new bond hearing" as relief.  (*Id*.)  Along with the Amended Petition, Petitioner provides supporting declarations from several individuals attesting that he is neither a flight risk nor danger to the community.  (*See id*. at 2–3; Doc. 3-1 at 1; Doc. 3-2 at 1; Doc. 3-3 at 1.).

However, the Court is missing important information from Petitioner that it needs to properly evaluate his prolonged detention claim.  For example, Petitioner does not indicate when he first entered the United States, whether he was ever given any parole, whether an immigration judge has ordered him removed, or what stage his immigration proceedings are currently at.  Without more information, this Court cannot find that Petitioner states a claim that would entitle him habeas relief.  The Amended Petition therefore fails to meet the screening requirements for a habeas petition.[1]

---

[1]  Petitioner may be interested in contacting Federal Defenders of San Diego, Inc. to see if a Federal Defender can represent Petitioner in this matter.

## II.   CONCLUSION

Based on the foregoing reasons, the Amended Petition (Doc. 3) is **DISMISSED WITHOUT PREJUDICE**.   This dismissal does not bar Petitioner from filing future petitions for habeas relief that contain additional information to support a claim, as identified above. *See Sanders v. United States*, 373 U.S. 1, 8 (1963).  The Court **DIRECTS** the Clerk of the Court to close the case.

**IT IS SO ORDERED**.

DATE:  May 15, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3